488 A.2d 1016

**Bennie P. REED**

v.

**Gary SWEENEY, et al.**

**No. 805, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

March 11, 1985.

232

Christopher K. Mangold, Landover (Koonz, McKenney & Johnson, P.C., Landover, on the brief), for appellant.

Phillip R. Zuber, Upper Marlboro (Sasscer, Clagett, Channing & Bucher, Upper Marlboro, on the brief), for appellees.

Submitted before MOYLAN, GARRITY and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

The appellant, Bennie P. Reed, filed a personal injury action against the appellees, Gary Sweeney, *et al.*, on September 17, 1982, in the Circuit Court for Charles County for

injuries sustained in a motor vehicle accident with the appellees' vehicle on October 15, 1979. As permitted by Maryland Rule 104(b)(2), at the time he filed the action, appellant's counsel requested that the clerk's office forward the summons to him for service by registered mail. The summons was received by the attorney on September 28, 1982, at which time he mailed the summons and declaration via certified mail-return receipt requested.

On October 14, 1982, appellant's counsel received the summons and declaration from the post office with the notation "Return to Sender—Unclaimed." On October 20, 1982, appellant's counsel received a letter from the appellees' present counsel, indicating that his office had been retained to represent appellees "when properly served with process." Appellees' counsel stated that he would not enter his appearance until his potential clients were properly served. A similar letter was sent on November 22, 1982.

Thereafter, although it appears that appellant's counsel was pursuing negotiations with appellees' insurance company (which had received a copy of the "suit papers" through general delivery), no further action was taken to have the appellees properly served with process until February, 1983. Purportedly prompted by a breakdown in the settlement discussions, reissuance of the summons and declaration was requested of the clerk's office and the papers were issued to the sheriff's department for service on February 17, 1983. Service was effected on March 4, 1983, at the very address noted in the original issuance of process, which had been returned "unclaimed."

After the case was transferred from Charles County to Prince George's County, appellees filed a Motion for Summary Judgment, asserting the statute of limitations. They claimed that appellant's filing of the declaration on September 17, 1982, and subsequent efforts at service of process did not toll the running of the statute of limitations so as to permit the subsequent service of process on March 4, 1983 to be effective. Relying upon *Neel v. Webb Fly Screen*

*Mfg. Co.,* 187 Md. 34, 48 A.2d 331 (1946) and *Piersma v. Seitz,* 10 Md.App. 439, 271 A.2d 199 (1970), *aff'd* 262 Md. 61, 276 A.2d 666 (1971), they contended that it was necessary for appellant's counsel to have sent the summons out for an additional attempt at service when he received it "unclaimed." They argued that absent this second attempt, the statute, temporarily suspended, came back into effect and that the subsequent reissuance of process and ultimate service of March 4, 1983 was, therefore, fatally late.

Following a hearing before Judge David Gray Ross on May 15, 1984, appellees' Motion for Summary Judgment was granted and judgment was entered in their favor. The instant appeal timely followed.

We approach this analysis by noting the words of the Supreme Court in *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945):

> "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost.... (Citation omitted)."

Cited in *Walko Corp. v. Burger Chef Systems,* 281 Md. 207, 210, 378 A.2d 1100, 1101 (1977).

■ Consistent with this spirit of the Supreme Court, the Maryland cases make clear that a statute of limitations is designed to protect a potential defendant from "surprise" actions which inhibit his ability to fashion a defense because of the litigation's temporal distance from the disputed occurrence. The statute does not:

> "... extend to situations where, in the words of Justice Holmes, '... a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct...' (*New York Central RR v. Kinney,* 260 U.S. 340, 346 [43 S.Ct.

122, 123, 67 L.Ed. 294]." *Doughty v. Prettyman*, 219 Md. 83, 93, 148 A.2d 438 (1959).

█ The Maryland statute of limitations here pertinent (found in Courts Article, Section 5–101) requires that a civil action at law be commenced within three years from the date the claim accrues. Thus, in the instant case, the appellant was required under the statute to commence his suit on or before October 15, 1982. That commencement requirement was met because "impetration of the original suit is deemed the commencement of the suit," *Piersma*, *supra*, at 10 Md.App. 441, 271 A.2d 199, and the appellant's declaration was filed on September 17, 1982.

█ Once the action is timely filed, service of process is instituted and, normally, service is effected in a timely manner. Where, however, the initial attempt at service is unsuccessful, certain procedures are required to be followed in order for the plaintiff to retain the benefits accruing from the original timely filing. Cases such as *Neel* and *Piersma* dealt with situations in which there were unsuccessful service attempts and the defendants claimed that the statute of limitations, tentatively suspended, came back into renewed effect because of the inordinate lapse of time between the filing and ultimate service of process. Appellees rely upon these cases in arguing that appellant's counsel had a responsibility to reissue the initially unserved process a second time in order to retain the benefit of his initial timely filing. We find that under the circumstances of this case, appellees' reliance is misplaced.

*Neel*, *Piersma* and their progeny can be distinguished from the instant case for the simple reason that in those cases the purposes to be served by a resurrected statute of limitations were involved. During the long time lapse between the initial timely filing and the ultimate service of process, the defendants had no notice of suit. Under those circumstances, the obligation of the plaintiff to pursue

service diligently was properly closely scrutinized under both the common law and the rules of procedure requiring continuing efforts at service.[1] In the case before us, by way of contrast, the statute was initially tolled by the timely filing and issuance of process and the defendants, furthermore, received notice of the filing of the suit against them shortly thereafter. This is evidenced by the letters from appellees' counsel dated October 20 and November 22, 1982.

 While mere actual, as opposed to formal, notice by a potential defendant of a claim will not cure an improper or defective service of process, when that is the issue in the case, *Sheehy v. Sheehy,* 250 Md. 181, 242 A.2d 153 (1968); *Guen v. Guen,* 38 Md.App. 578, 381 A.2d 721 (1978), notice of a filed suit may nonetheless prevent a dismissal based upon the statute of limitations, a very different issue. Because service of process raises jurisdictional issues and focuses upon the power of a court to exert its authority over a particular party, it cannot be waived or ignored simply because the defendant had actual notice of the

---

**1.** We note that new Maryland Rule 2–113 provides that:
"A summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant, renewable only on written request of the plaintiff."
Thus, under the present rules there is no requirement that process be renewed in order to toll the statute of limitations indefinitely. An action now commences merely upon the filing of a complaint (Rule 2–101) and the statute is automatically tolled thereby. If process is not served within 60 days, it is deemed to be dormant until renewed by the plaintiff. The statute of limitations is similarly dormant, having been tolled for all purposes upon the action's commencement. Problems which might be caused by a lapse of time between filing and ultimate service are specifically handled by Rule 2–507; the statute of limitations no longer has significance in this area. These significant rule changes represent fundamental departures from the common law and former Rule 112, and seem more in keeping with the policies inherent in the statute of limitations as expressed in this opinion. *See generally* P. Niemeyer and L. Richards, *Maryland Rules Commentary* (1984), which discusses the changes made by the new rules.

**238**

action. *Id. See also Little v. Miller,* 220 Md. 309, 153 A.2d 271 (1959); *Miles v. Hamilton,* 269 Md. 708, 309 A.2d 631 (1973); *Sanders v. Sanders,* 12 Md.App. 441, 278 A.2d 615 (1971). The statute of limitations, on the other hand, is a "practical and pragmatic device" which protects a defendant from stale and untimely suits by forcing a plaintiff to file by a known deadline. Where a suit has been timely commenced within the statutory period and the defendant is aware of its existence and basic substance, use of the statute to defeat the claim would be improper, with no purpose being served. *Accord Bertonazzi v. Hillman,* 241 Md. 361, 216 A.2d 723 (1966). *See also Heller v. Kocher,* 262 Md. 471, 278 A.2d 301 (1971); *Rogers v. Hanley,* 21 Md.App. 383, 392, 319 A.2d 833, 838–839 (1974).

■ In this case, the appellant fulfilled his initial obligation to file the action within the three-year statutory period and to have process issued. Shortly thereafter, either through actual notice by their insurance company or constructive notice based upon the green card advising them that a certified letter from appellant's counsel's office was waiting for them, or a combination of the two, appellees were put on notice that suit had been filed. At that point, the statute was satisfied. It is unnecessary for us to examine the actual service mechanism used. Negotiations were ongoing between the appellees' insurance company and the appellant, and appellant's counsel reissued process as soon as the settlement negotiations broke down.

Service, moreover, was thereafter made upon the appellees at the same address where the original process had been sent but returned "unclaimed." In light of all of these circumstances, we hold that the appellant successfully tolled the running of the statute against him. The judgment of the lower court is reversed.

JUDGMENT REVERSED; CASE REMANDED FOR TRIAL; COSTS TO BE PAID BY APPELLEES.