739 A.2d 932

**Antoine REED et al.**

**v.**

**Daniel CAGAN et al.**

**No. 5379, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Oct. 29, 1999.

642

Bruce H. Powell (Saul E. Kerpelman and Saul E. Kerpelman & Associates, on the brief), Baltimore, for Appellants.

Deborah L. Robinson (Jill E. O'Donnell and Robinson, Woolson & O'Connell, L.L.P., on the brief), Baltimore, for Appellees.

Argued before SALMON, EYLER and ADKINS, JJ.

ADKINS, Judge.

This case is an appeal from an order of the Circuit Court for Baltimore City granting a motion to dismiss the claims of Antoine Reed, appellant, against Daniel Cagan, Esq., appellee, on the ground of a two-year delay in the service of process after the filing of the complaint, and related procedural issues.

On May 3, 1996, appellant filed a complaint for brain damage allegedly caused by exposure to lead-based paint at several houses owned by appellee. Appellant also sued more than twenty other defendants. Several defendants were served with process, and discovery proceeded with respect to these defendants. Appellee, although a named defendant, was not served with process for more than two years.

On or about May 5, 1998, appellee moved to dismiss the complaint alleging that he had not been served until April 6, 1998, and therefore the court was required to dismiss under Maryland Rule 2–507(b). On July 6, 1998, a hearing was held and the circuit court dismissed the complaint. Appellant asks us to consider whether the trial court erred in granting appellee's motion to dismiss with prejudice: 1) for lack of jurisdiction pursuant to Rule 2–507; and 2) on the ground that appellant failed to obtain a lift of a stay prior to a re-issue of summons and service. We affirm the trial court's decision based on Rule 2–507 and, therefore, do not reach the second issue.

## FACTS AND LEGAL PROCEEDINGS

Appellant was born on May 6, 1975. Appellant's mother was a tenant of 539 North Washington Street from 1977–78. On May 3, 1996,[1] appellant filed a fifty-eight count complaint against numerous defendants alleging brain damage suffered from exposure to lead-based paint he ingested.

As previously indicated, the case proceeded through the pretrial process against several defendants, although appellee was not served with process. Appellee is a practicing Maryland attorney with offices in downtown Baltimore. Appellant was aware of appellee's professional office address from at least November 1996, although no attempt to serve him at that address was made until 1998.

On July 31, 1996, a pretrial conference order was entered, which set a discovery deadline of October 25, 1997, and a trial

---

1. Appellant's twenty-first birthday was May 6, 1996.

date of February 25, 1998. During 1996 and 1997 discovery was conducted, some defendants were granted summary judgment, and at least one was dismissed by stipulation of appellant. On October 7, 1997, appellant filed a "Motion to Remove Case From [Pre–Trial Order]," alleging that "[t]he dates set forth in the ... scheduling order are now moot in that all served Defendants are no longer part of the instant case." Appellant also maintained that "due to the statute of limitations a dismissal of the action was not possible." On November 17, 1997, the circuit court granted the motion and handwrote on the order, "[c]ase stayed subject to Md. Rule 2–507."

On February 27, 1998, appellant requested that the circuit court clerk re-issue process for service on appellee.[2] On April 6, 1998, appellee was served with the summons, complaint, and discovery requests. On May 5, 1998, appellee filed a motion to lift the stay for the limited purpose of filing a motion to dismiss and also filed a motion to dismiss. The motion sought dismissal pursuant to Rules 2–322 (preliminary motions), 2–507(b) (lack of jurisdiction), and 2–113 (process). Specifically, the motion stated:

> Because this action was initiated [approximately] two years before this Defendant was 'served' with 'process,' this action must be dismissed under Maryland Rule 2–507(b). The writ of service was rendered ineffective under Maryland Rule 2–113 because of the inordinate gap between the filing of the Complaint and service upon this Defendant.... The inexcusable lapse of time from the initiation of the lawsuit requires that this [c]ourt dismiss the Complaint against this Defendant for lack of jurisdiction over his person, laches, limitations, ineffective process, [and] ineffective service of process....

---

**2.** Summonses had previously been issued and re-issued for appellee Cagan on May 9, 1996, November 8, 1996, and December 3, 1997. The record contains no information about efforts by appellant to serve appellee at those times. Nor does the record suggest that appellee took any steps to evade service of process.

On July 6, 1998, at the hearing, the court addressed the motions to lift the stay and to dismiss as a combined issue. The court dismissed appellant's claims against appellee, because:

> Service was not achieved ... until long after Mr. Cagan's professional address became known. It seems to the [c]ourt that the Plaintiff has not been diligent in the pursuit of this lawsuit against the Defendant, Cagan. And because of that lack of diligence in pursuing this claim; and the fact that the service was achieved beyond the 120 days from the issuance of the original summons in this matter; and because we believe the Defendant, Cagan has suffered prejudice in his ability to defend this case, resulting from the delay in the prosecution of the matter; we grant the Defendant's Motion to Dismiss.

This appeal was timely noted from the order of dismissal.

## DISCUSSION

### Standard of Review

When a party seeks dismissal of an action under Rule 2–507 ("Dismissal for lack of jurisdiction or prosecution"), the decision to grant or deny the dismissal is committed to the sound discretion of the trial court. *See Powell v. Gutierrez*, 310 Md. 302, 309–10, 529 A.2d 352 (1987). The trial court's decision will be overturned on appeal only "in extreme cases of clear abuse." *Stanford v. District Title Ins. Co.*, 260 Md. 550, 555, 273 A.2d 190 (1971). The responsibility is on the trial court to weigh and balance the rights, interests, and reasons of the parties in light of the public demand for prompt resolution of litigation. *See Langrall, Muir & Noppinger v. Gladding*, 282 Md. 397, 400, 384 A.2d 737 (1978). The primary focus of the inquiry should be on diligence and whether there has been a sufficient amount of it. *See Stanford*, 260 Md. at 555, 273 A.2d 190. The Court of Appeals has announced that it "is totally committed to the proposition that 'justice delayed is justice denied.'" *Id.* at 554, 273 A.2d 190.

## I.

### The Record was Sufficient to Support the Trial Court's Holding That Appellee was Prejudiced by Appellant's Failure to Serve Him With Process for Two Years After the Filing of the Complaint.

■ Appellant contends that the trial court erred in dismissing his suit on the ground of a delay in service pursuant to Rule 2–507(b) because appellee failed to prove prejudice arising from the delay.[3] We hold that under the present circumstances the trial court acted within its discretion in dismissing appellant's suit even without a demonstration by appellee of the specific aspects of the harm suffered by him.

We find helpful the analysis of Rule 2–507(b) by the United States District Court for the District of Maryland, which was called upon to apply the Rule in the quite similar case of *Eccles v. National Semiconductor Corp.,* 10 F.Supp.2d 514 (D.Md.1998). In *Eccles,* the plaintiff similarly failed to serve the defendant for approximately two years after filing the complaint. *See id.* at 517. A notice of contemplated dismissal pursuant to Rule 2–507 was issued, and the plaintiff timely filed a motion to defer dismissal. *See id.* at 516. Subsequently, the defendant filed a notice of removal in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441. *See id.* The defendant argued that the federal court was required to dismiss the case because the plaintiff failed to serve the complaint under Maryland or federal law within 120 days of filing. *See id.* The District Court reasoned:

> Because state law applies to pre-removal conduct, the Court first analyzes the propriety of dismissal under Maryland Rule 2–507 for Plaintiff's failure to serve process within 120 days of filing the case in state court. Rule 2–507(b) permits the Circuit Courts of Maryland to dismiss a case when the

---

**3.** Appellant's argument that appellee cannot file a motion with the court under Rule 2–507, and that dismissal under that Rule must be initiated by the clerk of court, is addressed in Section II of this opinion.

plaintiff's failure to serve process within 120 days after its issuance deprives the state court of personal jurisdiction. *Id.* at 519.

With respect to whether there was good cause to defer dismissal within the meaning of Rule 2–507(e), the court reasoned:

A litigant meets Rule 2–507(e)'s 'good cause' standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified. Additionally, the trial court should consider whether the non-movant's delay has substantially prejudiced the movant. Plaintiff's failure to serve process ... for approximately two years after initiating the litigation clearly shows that she had no interest in seriously pursuing the matter.... Nor has Plaintiff proffered the slightest justification for her inexcusable delay. Accordingly, dismissal is appropriate under Maryland Rule 2–507 as applied to Plaintiff's pre-removal conduct.

*Id.* at 520 (footnote omitted) (citations omitted).

Like the plaintiff in *Eccles*, appellant did not proffer any justification for his two-year delay in service. *See id.* He admits that he was aware of appellee's status as a practicing attorney in Baltimore with offices within a few blocks of the circuit court. Appellant offers no reason why he would have had any difficulty serving appellee, and no explanation for failing to serve him.

Like the *Eccles* court, the trial court below did not identify the specifics of how the prejudice to appellee from the two-year delay in service manifested itself. Under the present circumstances, however, we do not consider a specific demonstration of prejudice to be required. Prejudice from delay can exist that is not amenable to specific delineation. In the present case, discovery had been conducted, including depositions of appellant and others closely involved in appellant's history; documents were exchanged; memories were refreshed, and recollections recorded. Appellee missed the opportunity to be present and participate when critical questions

were asked of appellant's family members regarding his personal history as it might relate to his alleged exposure to lead paint at the premises owned by appellee, and the effect of such exposure on his mental development. The considerations discussed in Section II, arising from the fact that suit was not filed until three days before expiration of the statute of limitations, and thus service not achieved until almost two years after the limitations period, also support the trial court's finding of prejudice to appellee.

Requiring more specific delineation and thereby a stronger showing of prejudice might be appropriate had appellant identified any justification for his failure to serve appellant for two years. With a justified delay, a higher threshold for demonstration of prejudice should be applied. In the absence of any justification for such a lengthy delay, however, the trial court acted within its discretion in drawing an inference of prejudice from the delay itself, coupled with ongoing litigation against other defendants before service of appellee.

## II.

### A Belatedly Served Defendant Can Initiate a Dismissal Under Rule 2–507(b).

Appellant argues that appellee had no right to file a motion to dismiss directly with the court based on Rule 2–507(b), and that for the Rule to have any application to appellee's motion to dismiss, the clerk must have initiated the dismissal, either on its own, or after a request by appellee. Appellant relies on *Thomas v. Ramsburg*, 99 Md.App. 395, 637 A.2d 863 (1994), for this proposition. We find *Thomas* to be inapposite and disagree with appellant's contention.

Subsection (b) of Rule 2–507, "Dismissal for lack of jurisdiction or prosecution" states:

(b) *For lack of jurisdiction.* An action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as

to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant. Appellee was not served with process for approximately two years from the time the complaint was filed and the original process was issued against him. Thus, there is no question that the case was subject to dismissal, in the court's discretion.

In *Thomas,* this Court addressed the appropriate procedure when a defendant moved to dismiss a case for lack of prosecution under Rule 2–507(c). Subsections (c) through (f) provide:

(c) *For Lack of Prosecution.* An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131, or Rule 2–132, except that an action for limited divorce or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

(d) *Notification of Contemplated Dismissal.* When an action is subject to dismissal pursuant to this Rule, the clerk, upon written request of a party or upon the clerk's own initiative, shall serve a notice on all parties pursuant to Rule 1–321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule.

(e) *Deferral of Dismissal.* On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

(f) *Entry of Dismissal.* If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket 'Dismissed for lack of jurisdiction or prosecution without prejudice' 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial.

In *Thomas,* the plaintiff filed his complaint, defendant answered, and discovery ensued. *See Thomas,* 99 Md.App. at 397, 637 A.2d 863. When more than a year had passed without any docket entries in the case, the defendant moved to

have the case dismissed pursuant to Rule 2–507(c). *See id.* The trial court granted the motion and the plaintiff appealed. *See id.* We held that a defendant seeking to have a case dismissed for lack of prosecution under subsection (c) had no right to file a motion directly with the court, and that the dismissal had to be initiated by the clerk's filing a notice of contemplated dismissal pursuant to Rule 2–507(d). *See id.* at 410–11, 637 A.2d 863. In so doing, we overruled our earlier decision in *Byrne v. Amalgamated Transit Workers' Union,* 73 Md.App. 551, 535 A.2d 503, *cert. denied,* 312 Md. 601, 541 A.2d 964 (1988). We observed in *Thomas* that:

> The plain language of Rule 2–507 does not directly anticipate parties to an action filing motions to dismiss for lack of prosecution; only that the clerk of the court should initiate such dismissal proceedings. If a party desires to have the provisions of the rule activated, the only procedure created by the Rule is for that party to make a written request of the clerk to initiate the dismissal provisions. To the extent that we have interpreted our decision in *Byrne v. Amalgamated Transit Workers' Union,* 73 Md.App. 551, 560, 535 A.2d 503 (1988), to permit the initial filing of a 2–507 motion for dismissal directly with the court as opposed to a request directed to the clerk, we hereby overrule and reject that interpretation.... Rule 2–507 requires that a party send an initial request to the clerk. Should the clerk fail to act upon such a request, a motion to the court requesting it to order the clerk to send the notice would appear to be appropriate.

*Thomas,* 99 Md.App. at 399–400, 637 A.2d 863.

The distinction between the present case and *Thomas* lies in: 1) the difference between a dismissal under subsection (c) for lack of prosecution, and one under subsection (b) for lack of jurisdiction; and 2) the relationship between Rule 2–507(b) and the statute of limitations. *Thomas* involved a dismissal under subsection (c) of Rule 2–507, for the plaintiff's failure to prosecute his case. A dismissal under subsection (b) of Rule 2–507 for lack of jurisdiction arising from a failure to serve the defendant raises different concerns, and should be governed

by different standards than a dismissal for lack of prosecution under subsection (c). A review of procedural history and the opinion written by Judge Moylan for this Court in *Reed v. Sweeney*, 62 Md.App. 231, 488 A.2d 1016, *cert denied*, 303 Md. 471, 494 A.2d 939 (1985), will help us explain why we conclude that *Thomas* does not govern the result in this case.

Commentators Paul V. Niemeyer and Linda M. Schuett explained the 1983 amendment to Rule 2–101 and how it affected the tolling of the statute of limitations:

> Under former practice, even though the first step in instituting an action was the filing of a declaration or a bill of complaint under former Rules 140a or 170a, the statute of limitations was tolled only by the 'impetration of the writ' or the formal request for the issuance of the writ. If the writ of summons proved ineffective in bringing the defendant into court, it was necessary to renew the summons at least once in order to permit it to lie 'dormant.' If the writ was returned 'non est' and did not lie dormant, the action 'died' and with it any benefit in tolling the statute of limitations. This rule abolishes those principles.

> Although the filing of a complaint commences an action under this rule for all purposes, including any tolling of the applicable statute of limitations, a party who fails to obtain service is nevertheless subject to Rule 2–507, which provides for dismissal for lack of jurisdiction or prosecution after one year.

Paul V. Niemeyer and Linda M. Richards, *Maryland Rules Commentary* 54–55 (1984) (citation omitted).

■ In 1985, Judge Moylan, for this Court, addressed the relationship between Rule 2–507 and the statute of limitations:

> [U]nder the present rules there is no requirement that process be renewed in order to toll the statute of limitations indefinitely. An action now commences merely upon the filing of a complaint (Rule 2–101) and the statute is automatically tolled thereby. If process is not served within 60 days, it is deemed to be dormant until renewed by the plaintiff. The statute of limitations is similarly dormant,

having been tolled for all purposes upon the action's commencement. **Problems which might be caused by a lapse of time between filing and ultimate service are specifically handled by Rule 2–507; the statute of limitations no longer has significance in this area.** These significant rule changes represent fundamental departures from the common law and former Rule 112, and seem more in keeping with the policies inherent in the statute of limitations as expressed in this opinion.

*Reed,* 62 Md.App. at 237 n. 1, 488 A.2d 1016, citing Niemeyer (emphasis added).

■ We interpret both Judge Moylan's opinion and the *Rules Commentary* to convey that the purpose of Rule 2–507(b) is to address situations in which an unreasonably long delay occurs between the filing of a suit and serving a defendant, and that subsection (b) would apply in lieu of the statute of limitations. *See* Niemeyer, *supra,* at 54. Because subsection (b) is the only part of Rule 2–507 that involves the jurisdictional problems raised by a failure to serve process, its purpose differs from the purpose of the other subsections of Rule 2–507.

The problems with applying the *Thomas* rule to the circumstances presented in this case are brought into focus when we consider the posture of appellee in relation to the case when he was first served. Although the lawsuit was filed three days before expiration of the statute of limitations, almost two years beyond the limitations period had passed by the time of service. In the meantime, the case was proceeding against other defendants, with depositions and other discovery. Under these circumstances, appellee shared the problems experienced by any defendant against whom a stale claim is brought.

Noting the purpose of a statute of limitations as expressed by the Supreme Court, Judge Moylan explained:

'Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale

claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. . . .'

Consistent with this spirit of the Supreme Court, the Maryland cases make clear that a statute of limitations is designed to protect a potential defendant from 'surprise' actions which inhibit his ability to fashion a defense because of the litigation's temporal distance from the disputed occurrence.

*Reed,* 62 Md.App. at 235, 488 A.2d 1016 (quoting *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) (citation omitted in original)).

In the present case, appellee not only suffered from the stale claims aspect of the delay, but also suffered because discovery depositions had been taken, in his absence, regarding issues material to his liability. Thus, he missed the opportunity to participate in the first formal questioning of witnesses whose accuracy and credibility could be crucial to his defense.

Other practical problems would flow from an extension of the *Thomas* rule to the circumstances of this case. Under the *Thomas* rationale, appellee could only bring before a court the problems associated with the long delay in service by asking the clerk to send a notice of contemplated dismissal under Rule 2–507. Yet, appellee was required to file either an answer under Rule 2–323 or a preliminary motion under Rule 2–322 within 30 days of service. Once an answer is filed, a defendant waives any defense of lack of jurisdiction or improper service. *LVI Envtl. Servs., Inc. v. Academy of IRM,* 106 Md.App. 699, 707, 666 A.2d 899 (1995). Thus, if appellee wished to raise an issue about the delay in service, his only alternative was to file a motion pursuant to Rule 2–322.

A defendant can raise a statute of limitations defense by a Rule 2–322 motion; yet, because of the 1984 rule change, procedurally, the statute of limitations defense does not apply, and the "[p]roblems which might be caused by a lapse of time between filing and ultimate service are specifically handled by

Rule 2–507." *Reed,* 62 Md.App. at 237 n. 1, 488 A.2d 1016. Thus, unless appellee could combine his defense under Rule 2–507 with a motion under Rule 2–322, it would be impossible, or at least difficult, to ever raise a 2–507(b) issue. Appellee, however, stands in no better position than the defendant who is sued more than a year after expiration of the statute of limitations. If the *Thomas* rule were to apply, appellee would be denied the opportunity to assert as a defense that he suffered prejudice by the combined effect of the long delay in service and the staleness of the claim.

Conceivably, a defendant in appellee's position could avail himself of the protections of Rule 2–507 if he proceeded on two procedural tracks. Conceivably, he could 1) file a motion under Rule 2–322, and 2) request the clerk initiate a notice under Rule 2–507. We cannot see the logic or benefit in interpreting Rule 2–507(b) to require such a bifurcated defense under these circumstances.

Not only would such a bifurcated procedure impose an undue burden on a recently served defendant, but it would also unnecessarily complicate the case, procedurally, at an early stage. The defendant would have to raise all of the matters considered mandatory under Rule 2–322, the plaintiff would have to respond, addressing those issues, and a hearing would be scheduled on the Rule 2–322 motion. Simultaneously, the clerk would have to send the notice of contemplated dismissal required under Rule 2–507(d), the plaintiff would have to file a motion to defer dismissal for good cause, and a hearing would occur on that motion.

Moreover, such a bifurcated procedure affords no additional or necessary legitimate protection to a plaintiff. The plaintiff, under either scenario, has the right to be heard by the court regarding his efforts to serve the defendant, and the staleness issue generally.

Although the judicial system manages to contend with very complex issues during pre-trial proceedings, and hearings on different issues in one case can be consolidated, we see no

logic to adding another layer of unnecessary complication under these circumstances.

### Conclusion

For the reasons previously set forth, we conclude that the trial court properly exercised its discretion in dismissing appellant's claim against appellee based on Rule 2–507(b).

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**