990 A.2d 1037

Rahim HARIRI, et al.

v.

Edward G. DAHNE, et al.

No. 151 Sept.Term, 2008.

Court of Appeals of Maryland.

March 9, 2010.

Erin K. Faul (Nagle & Zaller, P.C., Columbia, MD), on brief; Wayne S. Goddard (Cuomo & Goddard, LLP, Towson, MD), on brief, for Appellants.

Samuel Sperling (The Sperling Law Office, P.C., Baltimore, MD), on brief, for Appellees.

ARGUED BEFORE BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, Judge.

In the Circuit Court for Baltimore County, Dr. Rahim Hariri and Dr. Dennis Hatfield, Appellants, noted an appeal from the entry of an order that the Complaint filed against them by Edward G. Dahne and Marlene Z. Dahne, Appellees, "be DISMISSED WITHOUT PREJUDICE[,]" and presented the Court of Special Appeals with a single question:

Whether the trial court has the authority and discretion, pursuant to Maryland Rule 2–507(b)[,] to dismiss a case with prejudice[?]

Prior to argument before a panel of the Court of Special Appeals,[1] this Court issued a writ of certiorari on its own initiative. 406 Md. 743, 962 A.2d 370 (2008). For the reasons that follow, we hold that dismissal "without prejudice" is the only dismissal that can be imposed for a violation of Md. Rule 2–507(b). We shall therefore affirm the judgment of the Circuit Court.

## Procedural History

On October 14, 2003, Appellees filed a **"COMPLAINT"** in which they asserted that Appellant "Dr. Rahim Hariri l.k.a.c/o Plaintiff Address" had breached a "covenant not to compete" provision in a "contract under seal" that was signed by the parties on October 3, 2000. Dr. Hariri was never served with a copy of that complaint. On February 7, 2005, Appellees filed a second **"COMPLAINT"** in which they asserted that Dr. Hariri and five other defendants—Dr. Thomas Blaik, Dr. Melton Belle, Dr. Clare Mutale, Dr. Dennis Hatfield, and Dr.

---

1. Because no prior appellate decision has been rendered in the case at bar, the designation of the parties is controlled by Md. Rule 8–111(a)(1).

Robert McNeil—had breached contracts that were "signed, under seal[.]" In this second complaint, Appellees provided "l.k.a. c/o Plaintiff Address" as the address for each defendant. The record shows that the first issuance of original process of the second complaint occurred on February 9, 2005. The record also shows that three defendants were served by certified mail with a copy of this complaint: (1) Dr. Hariri, on September 6, 2007, (2) Dr. Thomas Blaik, on September 6, 2007, and (3) Dr. Belle, on October 3, 2007.

On September 14, 2007, the Clerk of the Circuit Court issued a "**NOTIFICATION TO PARTIES OF CONTEMPLATED DISMISSAL,**" that, in pertinent part, stated:

Pursuant to Maryland rule 2–507 this proceeding will be "DISMISSED FOR LACK OF JURISDICTION OR PROSECUTION WITHOUT PREJUDICE," 30 days after service of this notice, unless prior to that time a written motion showing good cause to defer the entry of an order of dismissal is filed.

On September 19, 2007, counsel for Dr. Hariri filed an "**ANSWER TO COMPLAINT.**" On October 15, 2007, Appellees' counsel filed a "**MOTION TO DEFER DISMISSAL UNDER MARYLAND RULE 2–507**" that included the following assertions:

[T]hree of the Defendants have been served and [ ] justice will be served by the case being permitted to go forward. There was no deliberate delay by Plaintiff in serving Defendants as his counsel was checking for addresses and recently obtained better search tools to carry out searches and thus located the correct addresses. Defendant Hariri has answered and has not filed a Motion to dismiss for lack of prosecution and Defendant Blaik has further been in contact with counsel for Plaintiff. Defendant Belle is further served.

On October 29, 2007, counsel to Dr. Blaik filed a "**MOTION TO DISMISS COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND REQUEST FOR SANCTIONS.**"

On November 6, 2007, Dr. Belle filed a *pro se* "ANSWER TO COMPLAINT."

On November 13, 2007, Appellees filed a six count "AMENDED COMPLAINT" against the defendants named in the complaint filed on February 7, 2005. In this complaint, none of the defendants' addresses was stated to be "l.k.a.c/o Plaintiff's Address," and the claims against each defendant appeared in a separate count.[2]

On November 15, 2007, Dr. Hariri and Dr. Hatfield filed a *"Motion to Dismiss for Lack of Prosecution"* that included the following *"Conclusion"*:

> In light of the provisions of Maryland Rule 2–507(c) as well as the holding of *Reed v. Cagan* [, 128 Md.App. 641, 739 A.2d 932 (1999),] dismissal with prejudice of Plaintiffs' claims against Defendants Hariri and Hatfield is warranted, justified and required.

On November 16, 2007, Dr. Blaik filed an *"AMENDED MOTION TO DISMISS COMPLAINT, WITH PREJUDICE"* that requested both dismissal of the complaint, "and that Plaintiffs be ORDERED to pay Defendant Blaik's attorney's fees and costs in defending this action."

On December 3, 2007, Appellees filed an *"ANSWER AND OPPOSITION TO MOTION TO DISMISS BY DEFEN-DANTS HARIRI AND HATFIELD AND BLAIK"* that included the following arguments:

> The contracts of Doctors Blaik, Hariri and Hatfield are contracts under seal and as such the fact that witness memories may have faded and like defenses are simply irrelevant. By signing a contract under seal, they agreed that they can be sued for breach, (and can also sue if they

---

2. The Amended Complaint asserted that (1) Dr. Hariri signed his contract on October 3, 2000, (2) Dr. Blaik signed his contract on October 8, 1998, (3) Dr. Belle signed his contract on "February 15th 2002" and breached this contract "in 1997," (4) Dr. Hatfield signed his contract on October 30, 2003, and (5) Dr. Mutale signed her contract "in 2004." The date that Dr. McNeil allegedly signed his contact was not stated.

feel the practice breached its duties), for a period of 12 years as per Maryland Courts and Judicial Proceedings Code Annotated § 5–102.

\* \* \*

... In this case, given the fact that no discovery has occurred to date, and there is no prejudice at all to Defendants by delay in service, the motions to dismiss should be denied. The only prejudice that may have occurred is the fact that it has been a long time since the events in question occurred. However, by signing a contract under seal, each Defendant accepted that chance and indeed gained the right to enforce their contractual rights for twelve years just as their contractual liabilities extend for that time as well.

For all these reasons, the case should not be dismissed at all and certainly cannot be dismissed with prejudice as there is no basis at all in law to do this.

After considering additional written and oral arguments, on February 29, 2008, the Circuit Court filed a *"MEMORANDUM RULING"* that included the following findings and conclusions:

The purpose of Maryland Rule 2–507 has been clearly stated in case law as a means to "clear the docket of dead cases." Although this Court is extremely troubled by Plaintiff's counsel lack of diligence in pursuing this matter by properly serving the defendant[s] in this case, this Court does not believe it has authority to dismiss this case with prejudice under Maryland Rule 2–507. The Rule is not meant to punish plaintiffs for the action or inaction of "lax" attorneys, but rather rid the docket of "stale" cases. Since the disputed contract in this case was "under seal" the statute of limitations in this case is 12 years. This would mean that the plaintiff could have brought his lawsuit in 2008 and still have been within the applicable statute of limitations. It is therefore ORDERED that this case be DISMISSED WITHOUT PREJUDICE.

Dr. Hariri, Dr. Hatfield and Dr. Blaik noted timely appeals to the Court of Special Appeals. As stated above, this Court

issued a *writ of certiorari* to determine whether the Circuit Court erred or abused its discretion in denying Appellants' motions for dismissal "with prejudice."

## Discussion

### I.

Just as a plaintiff whose complaint is "dismissed without prejudice" has the right to note an appeal,[3] a defendant who has argued for a "dismissal with prejudice" has the right to note an appeal from a "dismissal without prejudice." In *Ferrell v. Benson,* 352 Md. 2, 720 A.2d 583 (1998), this Court stated:

> This Court has repeatedly held that an order "having the effect of terminating the case in the circuit court, is a final judgment." *Montgomery County v. Revere National Corp.,* 341 Md. 366, 378, 671 A.2d 1, 7 (1996). *See, e.g., Moore v. Pomory,* 329 Md. 428, 431, 620 A.2d 323, 325 (1993) (circuit court's order dismissing complaint without prejudice is a final judgment because it "puts the plaintiff out of court and terminates the particular action in [that] court"); *Horsey v. Horsey,* 329 Md. 392, 402, 620 A.2d 305, 310 (1993) (circuit court order requiring the parties to arbitrate their entire dispute is a final judgment, as the "order effectively terminates that particular case before the trial court"); *Wilde v. Swanson,* 314 Md. 80, 83–87, 548 A.2d 837, 838–840 (1988) (dismissal of action on the ground of improper venue, like a dismissal for lack of jurisdiction, is a final judgment because "the plaintiffs were deprived of the means of further prosecuting their claim against [the defendant] in that court");

---

3. In *Moore v. Pomory,* 329 Md. 428, 620 A.2d 323 (1993), this Court stated:

   [A] dismissal of the plaintiff's entire complaint "without prejudice" does not mean that the case is still pending in the trial court and that the plaintiff may amend his complaint.... Rather, the case is fully terminated in the trial court.... The effect of the designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata.

   *Id.* at 432, 620 A.2d at 325. (Citations omitted).

*Doehring v. Wagner,* 311 Md. 272, 275, 533 A.2d 1300, 1301–1302 (1987) (circuit court's order granting the defendants' motion for summary judgment was a final judgment, as the order "put the plaintiffs out of court" and "terminated the litigation in that court"); *Houghton v. County Com'rs of Kent Co.,* 307 Md. 216, 221, 513 A.2d 291, 293 (1986).

The notion embraced by the defendants and the Court of Special Appeals in this case, that an order terminating the case in the circuit court is not final and appealable unless it settles the rights of the parties or concludes the cause of action, has consistently and expressly been rejected by this Court.

*Id.* at 5–6, 720 A.2d at 585.

It is of no consequence that Appellants were defendants rather than plaintiffs. The petitioner in *Horsey v. Horsey,* 329 Md. 392, 620 A.2d 305 (1993), was Mrs. Horsey, who was the defendant in the Circuit Court. When the Circuit Court ordered arbitration, it was Mrs. Horsey who noted an appeal to the Court of Special Appeals. After the Court of Special Appeals dismissed that appeal, Mrs. Horsey filed a petition for writ of certiorari with this Court. That petition was granted, and this Court ultimately held that "[t]he court's order dismissing Mr. Horsey's petition of contempt/counterclaim and directing arbitration was a final and appealable judgment." *Id.* at 406, 620 A.2d at 312.

It is also of no consequence that Appellants "prevailed" in the Circuit Court in the sense that Appellees' Amended Complaint was dismissed. The ruling about which Appellants complain is the functional equivalent of an order putting them "out of court" on the issue of whether they are entitled to a "dismissal with prejudice." We therefore hold that the ruling at issue is an appealable "final adjudication."

## II.

Maryland Rule 2–507 provides:

(a) Scope. This Rule applies to all actions except actions involving the military docket and continuing trusts or guardianships.

(b) For lack of jurisdiction. An action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant.

(c) For lack of prosecution. An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2–131, or Rule 2–132, except that an action for limited divorce or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

(d) Notification of contemplated dismissal. When an action is subject to dismissal pursuant to this Rule, the clerk, upon written request of a party or upon the clerk's own initiative, shall serve a notice on all parties pursuant to Rule 1–321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule.

(e) Deferral of dismissal. On motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper.

(f) Entry of dismissal. If a motion has not been filed under section (e) of this Rule, the clerk shall enter on the docket "Dismissed for lack of jurisdiction or prosecution without prejudice" 30 days after service of the notice. If a motion is filed and denied, the clerk shall make the entry promptly after the denial.

Appellants argue that the Circuit Court committed an error of law when it concluded that it does not have the "authority to dismiss this case with prejudice under Md. Rule 2–507." This argument, however, was waived by (1) Dr. Hariri on September 19, 2007, when he filed his "**ANSWER**

**TO COMPLAINT,"** (2) Dr. Blaik on October 29, 2007, when he filed his **"MOTION TO DISMISS . . . ,"** and (3) Dr. Belle on November 6, 2007, when he filed his **"ANSWER TO COMPLAINT."** While Appellants were entitled to argue that they were entitled to a dismissal because Appellees had failed to comply with the requirements of Md. Rule 2–507(b), an argument for "dismissal for lack of jurisdiction" is waived unless it complies with Md. Rule 2–322(a), which requires that the defense of "lack of jurisdiction over the person" be asserted "by motion to dismiss filed before the answer," and which provides that, "[i]f not so made and the answer is filed, [that defense is] waived." As this Court stated in *McCormick v. St. Francis de Sales Church*, 219 Md. 422, 149 A.2d 768 (1959), "[a] person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction." *Id.* at 429, 149 A.2d at 772.

■  Although Dr. Hatfield has not waived his right to argue that he is entitled to a dismissal with prejudice,[4] there is no merit in this argument, which is unsupported by either the words or the history of Md. Rule 2–507(b).[5] In *Johnson v. State*, 360 Md. 250, 757 A.2d 796 (2000), this Court stated:

---

4.  Although the record does not show when Dr. Hatfield was served with a copy of the complaint, he moved for dismissal "with prejudice" on November 15, 2007, and noted an appeal from the Circuit Court's refusal to grant that relief.

5.  The history of this rule includes the minutes of the April, 1987 meetings at which the Rules Committee rejected a proposed amendment that would have, if adopted, added the following section:
    (g) Power of Court Not Limited
    The provisions of this Rule do not limit any power of the court, upon motion and for good cause shown, to dismiss an action without prejudice for failure to prosecute or to comply with an order of court.
    The minutes show that the Committee ultimately decided against recommending the addition of section (g) out of concern that such an amendment would have the unintended consequence of implying that the Circuit Court could not dismiss *any* case "with prejudice" unless that disposition was expressly authorized by statute or rule. The minutes also show that, during the discussion, the Chair of the Trial Subcommittee proposed that the words "without prejudice" be deleted

With respect to the interpretation of the Maryland Rules, this Court has stated that, "[t]he canons and principles which we follow in construing statutes apply equally to an interpretation of our rules." *State v. Romulus*, 315 Md. 526, 533, 555 A.2d 494, 497 (1989). In order to effectuate the purpose and objectives of the rule, we look to its plain text. *See Adamson v. Correctional Medical Serv., Inc.*, 359 Md. 238, 250–51, 753 A.2d 501, 507–08 (2000); *Huffman v. State*, 356 Md. 622, 628, 741 A.2d 1088, 1091 (1999). To prevent illogical or nonsensical interpretations of a rule, we analyze the rule in its entirety, rather than independently construing its sub-parts. *See Marsheck v. Board of Trustees of the Fire & Police Employees' Retirement System of the City of Baltimore*, 358 Md. 393, 403, 749 A.2d 774, 779 (2000). If the words of the rule are plain and unambiguous, our inquiry ordinarily ceases and we need not venture outside the text of the rule. *See Adamson*, 359 Md. at 250– 51, 753 A.2d at 507–08; *Marsheck*, 358 Md. at 402–03, 749 A.2d at 779; *Huffman*, 356 Md. at 628, 741 A.2d at 1091.

The venerable plain meaning principle, central to our analysis, does not, however, mandate exclusion of other persuasive sources that lie outside the text of the rule. *See Adamson*, 359 Md. at 251–52, 753 A.2d at 508; *Marsheck*, 358 Md. at 403, 749 A.2d at 779. We have often noted that looking to relevant case law and appropriate secondary authority enables us to place the rule in question in the proper context. *See Adamson*, 359 Md. at 251–52, 753 A.2d at 508; *Marsheck*, 358 Md. at 403, 749 A.2d at 779.

*Id.* at 264–65, 757 A.2d at 804.

When an action is dismissed for a violation of Md. Rule 2– 507, the plain language of the rule expressly provides that the dismissal entered on the docket be "without prejudice." The express direction that the action be dismissed "without preju-

---

from section (g). The fact that no other Committee member agreed with that proposal clearly shows that, in the opinion of the Rules Committee, the only permissible sanction for a violation of Md. Rule 2– 507 is a dismissal *without prejudice*. Standing Committee on Rules of Practice & Procedure, Meeting Minutes April 24–25, 1987.

dice" was included in the first "Dismissal for lack of Prosecution" rule, then designed as Rule 530, which took effect on November 6, 1967. No change was made to that express direction when Md. Rule 530 was amended (effective July 1, 1975) to add dismissal "for lack of service" to dismissal for "lack of prosecution" as a basis for disposing of inactive cases. The authors of *Maryland Rules Commentary* have noted that Md. Rule 2–507 "brought forward the substance of former Rule 530, with changes only in style." Paul V. Niemeyer, Linda M. Schuett, John A. Lynch, Jr., & Richard W. Bourne, *Maryland Rules Commentary* 391 (3rd ed. 2003).

Appellants have cited—to the Circuit Court, and to this Court—"the holding of *Reed v. Cagan,*" 128 Md.App. 641, 739 A.2d 932 (1999), *cert. denied* 357 Md. 483, 745 A.2d 437 (2000), in support of their argument that dismissal "with prejudice" is a permissible sanction for a violation of Md. Rule 2–507(b). The only consequential issue in that case, however, was the issue of whether a "belatedly served defendant" has the right to move for a dismissal "for lack of jurisdiction" if the clerk of court has not filed a notice of contemplated dismissal. *Reed* involved the dismissal of a negligence action asserted by the appellant,[6] who was born on May 6, 1975, and—under the "coming of age rule" established in *Mason v. Board of Education,* 375 Md. 504, 514, 826 A.2d 433, 438 (2003)—"attained 18 years of age" on May 5, 1993. That action was (1) filed by the appellant on May 3, 1996, (2) not served on the appellee until April 6, 1998, and (3) dismissed "with prejudice" on July 6, 1998. Because the applicable statute of limitations had expired at the end of the day on May 5, 1996,[7] it was of no

---

**6.** The action filed by the appellant asserted that, during 1977 and 1978, he suffered a brain injury from exposure to lead-based paint at a residence owned and negligently maintained by the appellee.

**7.** In *Mason, supra,* the plaintiff/petitioner was born on April 4, 1979. On April 4, 2000, she filed a complaint in the Circuit Court, based upon a series of events that occurred while she was fourteen years old. The Circuit Court dismissed that complaint, and that judgment was affirmed by the Court of Special Appeals. *Mason v. Board of Education of*

consequence whether the dismissal was "with prejudice" or "without prejudice."

Moreover, it would be contrary to common sense to hold that—even though Appellees could file suit against him as late as the twelfth anniversary of the day he allegedly breached a contract that he signed "under seal" on October 3, 2000—Dr. Hatfield was entitled to a dismissal with prejudice on the ground that service of a complaint filed against him on February 7, 2005 was not made in conformity with the requirements of Md. Rule 2–507(b). For these reasons, we agree with the Circuit Court's conclusion that it did not "have the authority to dismiss this case with prejudice under Md. Rule 2–507."

## III.

The "abuse of discretion" standard of review is applicable to the issue of whether an appellate court should reverse the Circuit Court's decision to dismiss an action for "lack of jurisdiction." In *Flanagan v. Department of Human Resources, Baltimore City Office of Child Support Enforcement Ex Rel. Baltimore City Department of Social Services*, 412 Md. 616, 989 A.2d 1139 (2010), this Court stated:

Rule 2–507(b) provides that failure to serve the defendant within 120 days from the issuance of original process merely makes the action "subject to dismissal." Whether to dismiss rests in the sound discretion of a trial judge in the first instance, based on his or her weighing of the balance of the

*Baltimore County*, 143 Md.App. 507, 795 A.2d 211 (2002). While affirming the decision of the Court of Special Appeals, this Court stated:

The statute required petitioner to file her claim within "three years ... after the date the disability was removed." § 5–201. Under the coming of age rule, she attained 18 years of age on April 3, 1997, and the disability was removed as of that date. Under our statutory method of computation, April 3, 1997, the date of removal of the disability, was not included in the three-year period. *See* Maryland Code Art. 1, § 36. Thus, the statute of limitations began to run on April 4, 1997, and ended April 3, 2000. Even applying our standard rules of construction in interpreting a statute of limitations, petitioner was still one day late.

375 Md. at 514, 826 A.2d at 438.

rights, interests, and reasons of the parties for the delay and the public demand for prompt resolution of litigation. *Langrall, Muir & Noppinger v. Gladding*, 282 Md. 397, 400–01, 384 A.2d 737, 739 (1978). Dismissal is not an automatic remedy for delayed service.

*Id.* at 631, 989 A.2d at 1147.

In *Pasteur, Inc. v. Skevofilax*, 396 Md. 405, 914 A.2d 113 (2007), this Court stated:

The analytical paradigm by which we assess whether a trial court's actions constitute an abuse of discretion has been stated frequently. In *Wilson v. John Crane, Inc.*, 385 Md. 185, 867 A.2d 1077 (2005), for example, we iterated [t]here is an abuse of discretion "where no reasonable person would take the view adopted by the [trial] court[ ]"... or when the court acts "without reference to any guiding principles." An abuse of discretion may also be found where the ruling under consideration is "clearly against the logic and effect of facts and inferences before the court[ ]"... or when the ruling is "violative of fact and logic."

Questions within the discretion of the trial court are "much better decided by the trial judges than by appellate courts, and the decisions of such judges should [only] be disturbed where it is apparent that some serious error or abuse of discretion or autocratic action has occurred." In sum, to be reversed "[t]he decision under consideration has to be well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable."

385 Md. at 198–99, 867 A.2d at 1084 (quoting *In re Adoption/Guardianship No. 3598*, 347 Md. 295, 312–13, 701 A.2d 110, 118–19 (1997)). An abuse of discretion, therefore, "should only be found in the extraordinary, exceptional, or most egregious case." *Wilson*, 385 Md. at 199, 867 A.2d at 1084.

*Id.* at 418–19, 914 A.2d at 121.

From our review of the record, we hold that the Circuit Court's decision to dismiss Appellees' action did not constitute

an abuse of discretion. "The 120–day period [within which the plaintiff must serve the defendant] is measured from the first issuance of original process directed to that defendant, not from the last issuance of process." Paul V. Niemeyer, Linda M. Schuett, John A. Lynch, Jr., & Richard W. Bourne, *Maryland Rules Commentary* 391–92 (3rd ed. 2003). The complaint filed by Appellees on October 14, 2003, and which was never served, became "subject to dismissal" at the end of the day on February 11, 2004. The complaint filed by Appellees on February 7, 2005, became "subject to dismissal" at the end of the day on June 7, 2005. In light of the defendants' addresses provided in those complaints, it is clear that the decision at issue was not "beyond the fringe of what [the Circuit Court] deems minimally acceptable."

The record also shows, however, that (1) no notification of contemplated dismissal was issued until September 14, 2007, eight days after Dr. Hariri and Dr. Blaik had been served, (2) no dismissal order had been entered by November 13, 2007, when Appellees filed their Amended Complaint, and (3) no dismissal order had been entered by November 15, 2007, when Dr. Hatfield filed his motion to dismiss. Under these circumstances, in light of the fact that Appellees had until the end of the day on the twelfth anniversary of the alleged breach to file suit against Appellants,[8] a denial of Appellants' motions to dismiss would not have constituted an abuse of discretion.

**JUDGMENTS AFFIRMED; APPELLANTS TO PAY THE COSTS.**

---

**8.** Section 5–102(a)(5) of the Courts and Judicial Proceedings Article requires that an action for breach of a contract under seal be filed *within* 12 years after the cause of action accrues. Under this statute, the period within which an action can be asserted expires at the end of the day on the twelfth anniversary date of the breach, not at the end of the day before or at the end of the day after. *See* Maryland Code Art. 1, § 36, and Md. Rule 1–203. *See also* 1 *Moore's Federal Practice* § 6.04 (3d ed. 2010).