Shashi Kumar PANDE, M.D.

v.

The JOHNS HOPKINS
UNIVERSITY et al.

Civ. A. No. N 84–3027.

United States District Court,
D. Maryland.

Dec. 12, 1984.

Barry Bach, Barbara Ann Spicer, and Claire A. Smearman, of Smith, Somerville & Case, Baltimore, Md., for plaintiff.

Estelle A. Fishbein, and Carolyn W. Kone, Baltimore, Md., for defendants The Johns Hopkins University and The Johns Hopkins University School of Medicine.

Stanley Mazaroff and Venable, Baetjer & Howard, Baltimore, Md., for defendant The Johns Hopkins University.

George D. Solter and Carl R. Gold, and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for defendants The Johns Hopkins Medical Institutions, The Johns Hopkins Hosp., and Adolph Meyer Center for Psychiatry and the Neurosciences.

## MEMORANDUM

NORTHROP, Senior District Judge.

This Title VII suit was instituted by plaintiff, Shashi Kumar Pande, M.D., against defendants, The Johns Hopkins University (University), The Johns Hopkins Medical Institutions (Institutions), The Johns Hopkins University School of Medicine (School), The Johns Hopkins Hospital (Hospital), and the Adolph Meyer Center for Psychiatry and Neurosciences (Meyer). Presently pending is the School's motion to dismiss; a motion for extension of time and protective order filed by Institutions, Hospital and Meyer; a motion for protective order filed by University and School; and a motion to dismiss or, in the alternative, for summary judgment filed by the University and joined by all defendants. Plaintiff has filed a memorandum in opposition to each motion and defendants have recently replied. For the reasons set forth hereinbelow, the motion for summary judgment will be granted, and judgment will be entered in favor of all defendants and against the plaintiff. This ruling effectively moots all other pending motions.

## I.

On August 2, 1984, Dr. Pande, instituted this suit against the five above-named defendants alleging that he was terminated from his employment because of (1) his race, color, religious creed and national origin, and (2) in retaliation for his having made a complaint to the University's Affirmative Action Officer.

A brief factual background is necessary to put the instant motion in context. Dr. Pande, a dark-skinned Indian Hindu, was first employed by the University [1] as a Fellow and Resident in Psychiatry on July 1, 1959. The following year he was appointed to the position of Instructor and, beginning July, 1966, he was appointed as an Associate Professor. On July 1, 1971, Dr. Pande was promoted to Associate Professor, full-time.

On October 2, 1973, Dr. Pande was informed that he would not be reappointed as of July, 1974. The University claims that the Psychiatry Department was totally reorganized, and Dr. Pande was merely one of sixteen faculty members whose status was affected by the change.

Dr. Pande, represented by counsel, filed a complaint with the EEOC on June 4, 1974. The EEOC deferred the charge to the Maryland Commission on Human Relations (MCHR). On June 24, 1974, the MCHR transmitted the complaint back to the EEOC marked "Deferred-Proceedings Terminated." The EEOC notified Dr. Pande that it had asserted jurisdiction over his charge on June 28, 1974.

After the initial investigatory activity, there was little or no contact between the EEOC, the University, plaintiff or his counsel for approximately eight years. Finally, on April 6, 1983, nine years after Dr. Pande filed his charge, EEOC issued a finding of

probable cause with regard to the retaliation issue. No determination was made as to the discrimination allegations raised in the charging complaint. On August 2, 1984, ten years after the filing of his charge of discrimination, Dr. Pande instituted the present civil action in this Court.

## II.

The University argues that Dr. Pande's claims are time-barred under the doctrine of laches because his delay of more than ten years in filing suit is unreasonable, and that the delay has substantially prejudiced the defendant. Specifically, defendant argues that at some point in time, it becomes unreasonable for a complainant, represented by counsel, not to request a right-to-sue letter from the EEOC and file his private action. The University argues further that the delay in this case has severely prejudiced its ability to defend itself.[2] Dr. Pande counters by arguing (1) that his reliance on the EEOC process to vindicate his rights does not constitute inexcusable delay, (2) that the University has failed to demonstrate the prejudice necessary to warrant the imposition of the doctrine of laches, and (3) that the entry of summary judgment at this stage of the litigation is premature.

It is well settled that the doctrine of laches may be invoked as a defense to a Title VII suit. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424–425, 95 S.Ct. 2362, 2374–2375, 45 L.Ed.2d 280 (1975) (when a defendant is prejudiced by an unexcused delay by a private plaintiff, the district court has the discretionary power to effectuate "a just result."); *Equal Employment Opportunity Commission v. American Nat'l Bank*, 574 F.2d 1173, 1175–1176 (4th Cir.), *cert. denied*, 439 U.S.

---

1. It is not clear which defendant actually "employed" the plaintiff. Because of the ruling rendered herein, this determination need not be reached. For the sake of clarity alone, however, plaintiff's employer will be referred to as the University.

2. Defendants also argue that Dr. Pande did not timely file his charge of discrimination with the

EEOC because he did not file within 180 days from the date of the alleged discrimination. In *Haller v. Butler Shoe Corp.*, 595 F.Supp. 998, (D.Md.1984), the Court rejected the 180-day argument offered by defendants. Accordingly, their motion for summary judgment on this ground is denied.

876, 99 S.Ct. 213, 58 L.Ed.2d 190 (1978), *citing, Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2458, 53 L.Ed.2d 402 (1977); *Boone v. Mechanical Specialties*, 609 F.2d 956, 959 (9th Cir.1979) ("We hold that laches may be used as a defense to a Title VII action."). In order to prevail on this defense, the defendant bears the burden to show (1) unreasonable delay in bringing the action, and (2) resulting prejudice to the employer. *Menn v. Amstar Corp.*, 476 F.Supp. 303, 306 (D.Md. 1979). These two elements, and their application to the case *sub judice*, must be addressed separately.

## A. DELAY

There was a ten-year delay between the filing of Dr. Pande's discrimination charge and the filing of the instant law suit. Dr. Pande argues that the delay is excusable because he relied on the EEOC to resolve his claim. The University claims that Dr. Pande, represented by counsel throughout the proceeding, was aware of his right to secure a right-to-sue letter upon request, and had the burden to do so long before the delay prejudiced the defendant. This Court concludes that the delay occasioned in this case is inexcusable as a matter of law.

■ It is clear the Dr. Pande was represented by counsel since the inception of this matter. *See* Exhibit 6 to the University's Motion for Summary Judgment. It is also clear that Dr. Pande returned to his native India from 1975 to 1982. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, p. 3–4. These two factors, coupled with the fact that Dr. Pande is obviously a well educated man, lead to the conclusion that Dr. Pande was aware, even if only vicariously through his counsel, that he could receive a right-to-sue letter and bring a civil action at an earlier time, but he chose not to do so. Dr. Pande's delay is unreasonable and attributable solely to his own lack of diligence.

In *Boone v. Mechanical Specialties Co.*, 609 F.2d 956 (9th Cir.1979), the court applied the doctrine of laches and dismissed a Title VII action where the claimant permitted his EEOC charge to remain pending for seven years before requesting and receiving a right-to-sue letter. The court rejected Boone's argument that he was merely relying on EEOC conciliation procedures and held:

> Normally, it may be reasonable for an aggrieved employee to allow the EEOC to retain jurisdiction over a Title VII action. The Act clearly encourages informal conciliation of grievances through the offices of the EEOC. Nevertheless, *we cannot read Title VII as providing for the indefinite tolling of a claim which knowingly lies dormant with the EEOC, to the prejudice of the adversary party*. We therefore conclude that Boone's Title VII claim is barred by laches.

*Id.* at 960 (emphasis supplied). *See also Holden v. Burlington Northern, Inc.*, 34 Empl.Prac.Dec. (CCH) ¶ 34, 581 (D.Minn. 1984) (had plaintiff known of her ability to bypass EEOC procedures, the court *in dicta* indicated it would bar plaintiff's delayed law suit); *Cf. EEOC v. American National Bank*, 574 F.2d 1173, 1175–1176 (4th Cir.1978) (laches may bar relief to individual, but not to class action type litigation). This Court recognizes that *Boone* is the exception and not the general rule. Nonetheless, there comes a point in time where an educated complainant, represented by counsel, must *affirmatively* pursue his rights. Nine years is simply too long to allow the EEOC complaint to lie dormant under the facts of this case.

Dr. Pande's reliance on *Bernard v. Gulf Oil Co.*, 596 F.2d 1249 (5th Cir.1979); *Staples v. Avis Rent-A-Car Systems, Inc.*, 537 F.Supp. 1215 (W.D.N.Y.1982); and *Sangster v. United Air Lines*, 438 F.Supp. 1221 (N.D.Cal.1977) is misplaced. In those cases, all of the plaintiffs proceeded *pro se*, none had the advantage of a professional education, and none absented themselves from the country for the better part of seven years after filing their EEOC complaints. *Compare Kamberos v. GTE Automatic Electric, Inc.*, 603 F.2d 598, 603

(7th Cir.1979) (laches applied to *damages* where plaintiff, herself an attorney, had been represented by counsel in the protracted administrative proceedings); *Lynn v. Western Gillette, Inc.,* 564 F.2d 1282, 1287 (9th Cir.1977) (the "complainant should not be permitted to prejudice the employer by taking advantage of [EEOC's] slowness in processing claims ... *particularly where the aggrieved party has consulted counsel and is aware of this right. "* ) (emphasis added).

In light of Title VII's provisions for attorney's fees, the Court concludes that Dr. Pande offers no other reasonable excuse for his inordinate delay in bringing this suit. The Court notes that if Dr. Pande did have another valid excuse for his delay, that excuse would be in his possession (or his counsel's), and not with the defendants. Accordingly, the Court holds that Dr. Pande's delay was unreasonable.

### B. PREJUDICE

Unreasonable delay in bringing a suit will not, alone, trigger the doctrine of laches; there must be a clear showing of substantial prejudice to the defendant's ability to defend itself. Moreover, a "finding of prejudice cannot rest on the [defendant's] generalized assertions. Prejudice must arise from and be assessed with respect to the facts of each claim." *EEOC v. Ches. & Ohio R.R. Co.,* 577 F.2d 229, 234 (4th Cir. 1978).

As stated, the claims in this case are discrimination and retaliatory filing. Of the fourteen persons who allegedly discriminated against Dr. Pande in 1974, most are no longer employed by the University, several have moved out of state, and others have retired and are aged. Specifically, defendant claims, and Dr. Pande does not dispute, that Dr. Elkes has relocated to Kentucky; Dr. Woolf has relocated to New Jersey; Dr. Neff has relocated to Seattle, Washington; Dr. Potchen and Mr. Schonbeir have relocated to Michigan; Dr. Perlin

has relocated to Washington, D.C.; Dr. Turner and Dr. Morgan, although still in Baltimore, are Deans Emeritus and aged 82 and 73, respectively; Mr. Dalton and Dr. McClary are no longer salaried employees of Johns Hopkins. Other persons who participated in the affairs of the Department of Psychiatry and who defendant claims are essential to defense of its cause are Dr. Stanley D. Zamber, now located in Pennsylvania; Dr. Joy Joff, now located in Florida; Dr. Roger Sider, now located in New York; and Dr. Jerome D. Frank who, although still residing in Baltimore, is now Professor Emeritus and is aged 75.

In addition to the logistical and financial problems caused by the dispersal of so many witnesses during the intervening ten-year period, the Court takes judicial notice of the fact that all potential witnesses' memories will be eroded by the passage of such an inordinate period of time. *See Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944); *Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027 (9th Cir.1975). Indeed, the affidavits of Dr. Morgan and Dr. Turner, two former Deans of the School of Medicine who allegedly discriminated against Dr. Pande, reveal that neither doctor has any recollection of Dr. Pande or of the circumstances of his relationship to the School of Medicine. The Court has no reason to doubt the credibility of these affiants.

In addition to the aforementioned personnel problems, much of the documentary evidence relevant to this case has been discarded, destroyed or irretrievably dispersed. As the affidavit of the Administrator of Department of Psychiatry and Behavioral Sciences, Ms. Bonnie Straus, makes clear, the physical relocation of certain departments within the University system caused the destruction of much of the material which Dr. Pande has identified as relevant to this case.[3]

---

**3.** If the destroyed material is relevant to the prosecution of Dr. Pande's cause, it is logical to infer that the same evidence may have been material to defendants' defense. Now, however, due to the ten-year delay in bringing this suit,

Furthermore, over the passage of the decade in question, other pertinent documents, such as all payroll forms of all University employees, have been destroyed. Defendants' affidavits also show that the records of government grant work are no longer in existence. These are but a few of the many instances where Dr. Pande's requested and allegedly relevant documents have been shown by defendants to be lost or destroyed over the ten-year period in question. *See, e.g., EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199, 1203 (11th Cir.1982); and *EEOC v. Alioto Fish Co.,* 623 F.2d 86 (9th Cir.1980), where the courts recognize the loss of pertinent records as key elements of undue prejudice to the defendant.

Because of the changes in personnel, the effect of the passage of time on memories, the change in administration and the loss or destruction of relevant documents, the Court concludes that defendant has shown substantial prejudice in defense of Dr. Pande's stale claims.

### III.

For the foregoing reasons, the Court concludes that Dr. Pande's substantial delay in bringing this action was inexcusable, and has resulted in severe prejudice to defendants' ability to conduct its defense. There are no material facts in dispute that alter this conclusion. Accordingly, the defendants are entitled to a dismissal of this action under the doctrine of laches.

A separate Order confirming this ruling will be entered.

*neither side* has the benefit of this lost or destroyed material.