**Everett LIPSCOMB, Jr., Plaintiff,**

v.

**CLEARMONT CONSTRUCTION AND DEVELOPMENT CO., INC., Defendant.**

**Civil No. AW–95–2590.**

United States District Court, D. Maryland.

Nov. 28, 1995.

Everett Lipscomb, Jr., pro se.

John Kyle and Warren Davison, of Littler, Mendelson, Fastiff, Tichy & Mathiason, Baltimore, for Defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is the Defendant's Motion to Dismiss. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). For the reasons that follow, the Court will grant this motion.

### Background

The Plaintiff commenced this case against his former employer alleging violations of 42 U.S.C. § 2000e *et seq.* ("Title VII"), 5 U.S.C. § 7513, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"). He alleges that the Defendant discharged him in violation of these statutes. Compl. at ¶¶ 3, 6 and 7. The Defendant has moved to dismiss arguing that the Plaintiff did not timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1]

### Discussion

Under Title VII and the ADA, a plaintiff must first timely file a charge with the EEOC before commencing a suit. *Osborn v. E.J. Brach, Inc.*, 864 F.Supp. 56, 58 (N.D.Ill.1994) (citations omitted). This requirement is not jurisdictional, and a plaintiff may proceed by showing waiver, estoppel, or equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

In this case, the Plaintiff did not timely file his charge with the EEOC. He maintains that the Defendant told him it had

---

1. In assessing this motion, the Court must accept all well-pleaded factual allegations in the Complaint as true and cannot dismiss unless it appears that the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

no work available for him no later than June 1, 1994. Compl. at ¶ 6 and Ex. 1 at 3. However, he did not file a charge with the EEOC until April 20, 1995. Compl. at Ex. 3. Furthermore, the Plaintiff has made no allegations that could support a finding of waiver, estoppel, or equitable tolling. Accordingly, the Court must dismiss the Complaint.[2] *See Hamilton v. West*, 30 F.3d 992 (8th Cir.1994).

---

**2.** The Court must also dismiss the claim under 5 U.S.C. § 7513 as that statute applies only to federal employees.