**Laura LESKINEN, Plaintiff,**

v.

**UTZ QUALITY FOODS, INC., Defendant.**

**Civil Action No. CCB–97–3678.**

United States District Court,
D. Maryland.

July 21, 1998.

---

Laura Leskinen, Manchester, MD, pro se.

Jay R. Fries, Joan E. Book, Kruchko and Fries, Baltimore, MD, for defendant.

## MEMORANDUM

BLAKE, District Judge.

Laura Leskinen has sued defendant Utz Quality Foods, Inc. ("Utz"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and disability discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Utz has filed a motion to dismiss or, in the alternative, a motion for summary judgment. Because both parties have submitted materials outside the pleadings, the motion will be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(c). No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, Utz's motion for summary judgment will be granted.

## I. Background

In November 1989 Leskinen began working at Utz as Director of Quality Assurance. (Leskinen Aff. ¶ 1). Beginning in 1992, Jack Corriere, the Vice President and General Manager of Utz, sexually harassed her. (Leskinen Aff. ¶¶ 4, 6–8). According to Utz's company policy, Corriere had final authority to resolve internally filed sexual harassment complaints. (Leskinen Aff. ¶ 9). Leskinen filed an informal internal complaint of sexual harassment in June 1994. (Laabs Aff. ¶ 4). In response, Utz took corrective action by changing Leskinen's reporting structure and supervisor. (Laabs Aff. ¶ 4). However, Corriere's harassment of Leskinen continued after that time. (Leskinen Aff. ¶¶ 10, 14).

In the spring of 1995, Leskinen was diagnosed with depression and later suffered a mental breakdown. (Leskinen Aff. ¶¶ 11, 14). She worked her last actual day at Utz on May 26, 1995, and took a medical leave of absence on June 1, 1995. (Laabs Aff. ¶¶ 6, 8). Under Utz's company policy, a medical leave of absence can last up to six months. (Laabs Aff. Attachment 1, § 130.2). If an employee does not return to work upon the expiration of leave, his or her employment is ordinarily terminated. (Laabs Aff. Attachment 1, § 130.2). Leskinen's medical leave expired on December 1, 1995, and Utz terminated her employment effective that date. (Laabs Aff. ¶¶ 9–10).

Leskinen apparently filed two nearly identical discrimination charges with the EEOC: the first on February 11, 1996 and the second on May 20, 1996. (Def.'s Mot.Ex. 2; Pl.'s Mot.Ex. 2). She signed both documents under the statement "I declare under penalty of perjury that the foregoing is true and correct." *Id.*

## II. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

Moreover, the Supreme Court has explained that the Rule 56(c) standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The Court has stated that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *see also Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994); *Catawba Indian Tribe v. South Carolina,* 978 F.2d 1334, 1339 (4th Cir.1992). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 240 (4th Cir.1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw,* 13 F.3d at 798, but it also must abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "[A] defendant ... should not be required to undergo the considerable expense of preparing for and participating in a trial" unless the plaintiff has produced evidence on which a jury might rely in support of the claims alleged. *E.F. Hutton Mortgage Corp. v. Equitable Bank, N.A.,* 678 F.Supp. 567, 573 (D.Md.1988).

## III. Title VII and ADA Claims

■ In order to pursue a Title VII or ADA claim in this Court, a plaintiff must first file a timely charge with the EEOC. *See Lipscomb v. Clearmont Constr. and Dev. Co., Inc.,* 930 F.Supp. 1105, 1106 (D.Md.1995). The charge must "be in writing under oath or affirmation." 42 U.S.C. § 2000e–5(b); *see also* 42 U.S.C. § 12117(a) (incorporating requirement by reference into ADA). Leskinen satisfied that requirement, for both her February 11, 1996 and May 20, 1996 charges, by signing the charges under the statement "I declare under penalty of perjury that the foregoing is true and correct." Utz has not demonstrated that the notary public requirement applied to her charges.

■ However, under Title VII, Leskinen had a maximum of 300 days from the occurrence of an alleged discriminatory act to file a timely charge with the EEOC. *See* 42 U.S.C. § 2000e–5(e). She filed her first EEOC charge on February 11, 1996. Therefore, any claims related to incidents occurring on or before April 16, 1995 would be time-barred. Leskinen argues that the time-bar does not apply in her case because the harassment she suffered after April 16, 1995 was a part of a continuing violation. However, to invoke the continuing violation doctrine, Leskinen must demonstrate that an alleged incident of sexual harassment, sexual discrimination or retaliation in violation of Title VII occurred within the limitations period. *See Beall v. Abbott Labs.*, 130 F.3d 614, 620–21 (4th Cir.1997).

■ In this case, the limitations period began on April 17, 1995. The only specific incident that Leskinen alleges occurred after that date, besides the retaliatory termination allegation that is discussed below, is a situation in May 1995 "whereby Rich King, President, tried to get [Leskinen] to admit to an error in judgment regarding a customer's complaint." *See* Def.'s Mot.Ex. 2; Pl.'s Mot.Ex. 1, 2. This incident does not establish a violation of Title VII because it does not involve "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating," but instead involves an "interlocutory or mediate decision[ ] having no immediate effect upon employment conditions." *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981). Furthermore, it does not evidence a continuing Title VII violation because Leskinen does not even allege that the May 1995 situation was "part of a continuing pattern or practice of discrimination" rather than an isolated discriminatory act. *See Jensvold v. Shalala*, 829 F.Supp. 131, 137 (D.Md.1993). As a result, Leskinen has not established that a continuing violation of Title VII extended into the limitations period, nor has she specifically alleged that an incident of sexual harassment or sexual discrimination in violation of Title VII occurred during the limitations period. Her general assertion that sexual harassment was "ongoing" is insufficient because conclusory allegations in an affidavit do not create a genuine issue of material fact. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir.1996). In addition, Leskinen's argument that discovery is required before a ruling on summary judgment would be appropriate is unpersuasive because she has not set out, in an affidavit, the reasons that she could not properly oppose the summary judgment motion without additional discovery. *See* Fed.R.Civ.P. 56(f).

■ Leskinen's claims for retaliatory termination under Title VII and disability discrimination under the ADA are barred because she did not assert those claims in the charges she filed with the EEOC. *See Lipscomb*, 930 F.Supp. at 1106 (stating requirement of timely filed EEOC charges for ADA and Title VII suits). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans*, 80 F.3d at 962–63. In her charges, Leskinen asserted only continuing sex discrimination and retaliation for her sexual harassment complaints from 1992 until May 11, 1995. No mention of disability discrimination was made in the charges, nor is the investigation of disability discrimination within the reasonable scope of investigation of sexual harassment and discrimination charges. Furthermore, Leskinen does not make any allegations in the charges regarding the cause of her termination, despite the fact that both charges were filed several months after she was terminated. Her claims focused on the way she was treated during her employment. As a result, investigation of retaliatory termination was also outside the reasonable scope of her EEOC charges, and there is no evidence that the EEOC investigation encompassed the present retaliatory termination charge.

## IV. Rehabilitation Act Claim

■ To succeed on her Rehabilitation Act claim, Leskinen must prove that Utz received "federal financial assistance" at a time relevant to her claim. *See* 29 U.S.C.

§ 794. Summary judgment is appropriate on that claim because she has not produced evidence to create a genuine issue of material fact on that point. In her affidavit, Leskinen alleges "Utz Quality Foods, Inc. either has or has had Federal Government contracts (Department of the Navy) or has received Federal Government grants or loans." (Leskinen Aff. ¶ 21). The allegation that Utz had a contract with the federal government is not equivalent to an allegation that Utz received federal financial assistance because the term "financial assistance" contemplates grants, loans or subsidies without reciprocal services or benefits. *See, e.g., DeVargas v. Mason & Hanger–Silas Mason Co.*, 911 F.2d 1377, 1382 (10th Cir.1990) (concluding that a corporation receives financial assistance when it receives a subsidy); *Jacobson v. Delta Airlines*, 742 F.2d 1202, 1210 (9th Cir.1984) (finding that payments do not constitute financial assistance if they are merely compensatory); *Squire v. United Airlines, Inc.*, 973 F.Supp. 1004, 1008 (D.Colo.1997) ("Simply engaging in a contract for services with the government does not entail receipt of federal funds" for Rehabilitation Act purposes.); *Muller v. Hotsy Corp.*, 917 F.Supp. 1389 (N.D.Iowa 1996) (determining that GSA contract does not constitute financial assistance because government's intent is to compensate for goods and services, not to provide a subsidy). The remainder of Leskinen's assertion, that Utz "has received Federal Government grants or loans," is merely a conclusory allegation that is not supported by any specific facts. Conclusory affidavits alone cannot create a genuine issue of material fact precluding summary judgment. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir.1996).

Accordingly, defendant Utz's motion for summary judgment will be granted.