**Victoria Leyson KRAMER**

v.

**JOTUN PAINTS, INC.**

**Laurie M. McCauley**

v.

**Jotun Paints, Inc.**

**Nos. CIV.S 02–134, CIV.S 02–135.**

United States District Court,
D. Maryland.

Feb. 12, 2002.

Thomas W. Farrington, Goldstein and Byrne, Baltimore, MD, for Plaintiff.

Emmett F. McGee, Jr., Jill Lynn Schultz Distler, Piper Marbury Rudnick and Wolfe LLP, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

SMALKIN, Chief Judge.

These related Title VII cases are before the Court on the defendant's motions to dismiss, which the plaintiffs have opposed. Neither further briefing nor oral argument is needed. Local Rule 105.6 (D.Md.2001).

These cases were both commenced by complaints filed in the Circuit Court for Baltimore City close to the 90th day after receipt of the plaintiffs' notices of right to sue. Both complaints were filed on June 4, 2001—the day of Ms. McCauley's deadline and ten days before Ms. Kramer's deadline. On June 5, 2001, the Circuit Court issued summonses to the plaintiffs to be served upon the defendant within sixty days after the date of issue. MD.

RULE 2–113 (2002). As explained by the applicable Rule, "[a] summons unserved within [sixty days] shall be dormant, renewable only on written request of the plaintiff." *Id.* The plaintiffs failed to serve the defendant within 60 days, and the summonses expired on or about August 5, 2001. The plaintiffs took no action until November 26, 2001, when plaintiffs' counsel requested reissuance of the summonses, which were reissued on November 27, 2001, and were eventually served on the defendant's resident agent on December 13, 2001. After service, removal was made to this Court.

The defendant argues that both causes of action are time-barred because the plaintiffs failed to serve process within 120 days of the complaint, as required by FED. R. CIV. P. 4(m). More specifically, the defendant argues that the expiration of the 120 days revived the running of the 90–day period in which the plaintiffs could bring a Title VII claim, and because that 90–day period expired before process was served on December 13, 2001, these suits are barred. To support this conclusion, the defendant cites various cases, including *Arabian v. Bowen*, 966 F.2d 1441, 1992 WL 154026 (4th Cir.1992), and *Frasca v. United States*, 921 F.2d 450 (2d Cir.1990).

The plaintiffs have filed perfunctory oppositions to the defendant's motions, simply pointing out, and quite correctly so, that the 120–day period for service of process required by the Federal Rules does not apply to cases in which service was carried out before removal to federal court. *See Eccles v. Nat'l Semiconductor Corp.*, 10 F.Supp.2d 514, 519 (D.Md.1998). The fact, however, that the defendant improperly relies on the 120–day period for effecting service under FED. R. CIV. P. 4 is of no consequence. As recognized in *Eccles*, before removal to federal court, state law governs service of process—in this case, MD. R. 2–113, which provides for a 60–day period in which service must be effected before a summons expires. *Eccles*, 10 F.Supp.2d at 519 (citing *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1282 (9th Cir.1980); *McKenna v. Beezy*, 130 F.R.D. 655, 656 (N.D.Ill. 1989)). As explained below, the plaintiffs' causes of action are barred under both federal and state service rules.

The 90–day period provided for in Title VII is, at the very least, analogous to a statute of limitations and is certainly subject to principles of equitable tolling.[1]

---

1. A substantial number of cases, albeit not from the Fourth Circuit, have found that Title VII's 90–day suit-filing requirement is not jurisdictional in nature, but rather is a statute of limitations susceptible to tolling in certain circumstances. These cases glean this rule from a progression of Supreme Court cases dealing with Title VII claims:

Before the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), most courts had concluded that the 90–day period in fact was jurisdictional in nature. *E.g., Hinton v. CPC Int'l, Inc.*, 520 F.2d 1312, 1315 (8th Cir.1975); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir.1975). When *Zipes* held that the *charge-filing* period was not jurisdictional, courts increasingly reached the same con-

clusion about the 90–day *suit-filing* period. *E.g., Rice v. New England Coll.*, 676 F.2d 9, 10 (1st Cir.1982); *Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 360 (D.C.Cir. 1982). Although the Supreme Court has not explicitly so held, it has given pointed clues. In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court rejected an argument that the "jurisdictional" nature of the 90–day suit-filing requirement prevented tolling of the limitations period during the pendency of a motion to certify a class in an action in which the plaintiff would have been a member of the class. *Id.* at 349 n. 3, 103 S.Ct. 2392. The plaintiff filed an individual action within 90 days following the denial of class certification; this was sufficient, the Court held, because the plaintiff

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The defendant asks this Court to find that Title VII's limitations period should not be tolled in this case, relying on federal law as follows: (1) a plaintiff has 90 days from the receipt of notice of right to sue to commence a Title VII action in either state or federal court, 42 U.S.C. § 2000e–5(f)(1) (2001); (2) upon filing suit, the plaintiff's 90–day limitations period is subject to tolling, *e.g., Irwin*, 498 U.S. at 95–96, 111 S.Ct. 453; (3) upon filing suit in federal court, the Federal Rules apply, and, therefore, the plaintiff must effect service on the defendant within 120 days of its issue, FED. R. CIV. P. 4(m); (4) if the plaintiff fails to effect service within 120 days, the summons expires and the 90–day limitations period recommences, unless the plaintiff can demonstrate that the limitations period should be tolled despite expiration of the summons, *id.; see Arabian*, 1992 WL 154026, at \*2; *Frasca*, 921 F.2d at 453 ("The 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period."); (5) if the plaintiff fails to revive the summons and serve

the defendant before the expiration of the again-viable 90–day period, and if the plaintiff cannot demonstrate why the 90–day period should be tolled despite the expiration of the summons, the plaintiff is barred from bringing a Title VII claim.

This argument is well-reasoned and is supported by cases decided under federal law. Thus, if the Federal Rules of Civil Procedure applied to this case, the plaintiffs would have to show either that (1) the defendant was served with process before the summons expired; or (2) that although the summons expired, the 90–day limitations period should be tolled for other adequate reasons. As indicated in *Arabian*, this would require a showing on the plaintiffs' part that they exercised due diligence in the service of process. *See Arabian*, 1992 WL 154026, at \*2. From the face of the pleadings, it is clear that the plaintiffs here failed to serve process within 120 days, and, therefore, the summonses would have expired under the Federal Rules. Moreover, the plaintiffs have made no showing of diligence in this case. The plaintiffs have offered no evidence of even an attempt to serve the defendant until December 2001, when service was actually made on the defendant's resident agent. Moreover, the fact that the plaintiffs waited over three months to renew their ex-

had not received his right-to-sue letter until after the putative class action had been filed. *Id.* at 353–54, 103 S.Ct. 2392. Next, in *Baldwin County Welcome Center v. Brown*, the Court assumed, without explicitly stating, that equitable tolling would be applicable to the suit-filing period under appropriate factual circumstances. 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). Even more recently, the Supreme Court in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), indicated that the suit-filing period for Title VII actions against the federal gov-

ernment may be subject, in an appropriate case, to equitable tolling (noting, in dictum, that "the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling"). *Id.* at 95, 111 S.Ct. 453 (citing *Zipes*, 455 U.S. at 394, 102 S.Ct. 1127; *Parker*, 462 U.S. at 349 n. 3, 103 S.Ct. 2392). Thus, it now appears relatively certain that the 90–day suit-filing period is not jurisdictional [citing authority from the 2nd, 5th, 7th, 8th, 9th, and 11th Circuits].

2 BARBARA LINDERMANN & PAUL GROSSMAN, EMPLOYMENT DISCRIMINATION LAW 1380–81 (3rd ed. 1996).

pired summonses belies any reasonable argument of diligence.

■ As the plaintiffs point out, the Federal Rule setting a time limit of 120 days for service of process does not apply where service was complete before removal to federal court. Thus, state service rules apply, and state law concerning limitations and tolling is applicable. Under settled Maryland law, however, the plaintiffs' Title VII claims are similarly barred.

■ It is undisputed that the plaintiffs allowed their summonses to expire by failing to effect service on the defendant within 60 days of their issue. *See* MD. R. 2–113. Because the summonses clearly expired on or around August 5, 2001, the plaintiffs must offer some evidence indicating that the limitations period of Title VII should have been tolled despite the expiration of the summonses. As the Court of Special Appeals of Maryland explained in *Reed v. Sweeney,* 62 Md.App. 231, 235–38, 488 A.2d 1016, *cert. denied* 303 Md. 471, 494 A.2d 939 (1985), a limitations period will continue to be suspended even where the plaintiff has failed to effect service within 60 days under Rule 2–113, so long as the plaintiff makes diligent attempts to serve the defendant and the defendant had notice of the plaintiff's intent to pursue a cause of action. The court explained:

> Once the action is timely filed, service of process is instituted and, normally, service is effected in a timely manner. Where, however, the initial attempt at service is unsuccessful, certain procedures are required to be followed in order for the plaintiff to retain the benefits accruing from the original timely filing.... [When] the defendants [have] no notice of suit ... the obligation of the plaintiff to pursue service diligently [is] properly closely scrutinized under both the common law and the rules of proce-

dure requiring continuing efforts at service.

*Id.* at 236–37, 488 A.2d 1016.

■ In the cases now before the Court, it is undisputed that the plaintiffs failed to effect service of process before the initial summonses expired under Rule 2–113. Moreover, the plaintiffs have offered no evidence that any attempt was made to serve the defendant before the expiration of the initial summonses or that the defendant was on actual or constructive notice that a lawsuit was forthcoming. In their perfunctory oppositions to defendant's motions, the plaintiffs neither allege evasive conduct on the defendant's part nor identify circumstances that would have made service of the initial summonses difficult.

For these reasons, it is clear that, upon filing their initial complaint in state circuit court, the 90–day limitations period was tentatively suspended, but came back into renewed effect on or about August 5, 2001 when the original summonses expired. Thus, renewing the summonses three months later and finally serving the defendant's resident agent on December 13, 2001 was insufficient to preserve the plaintiffs' Title VII claims, absent circumstances justifying tolling, none of which is advanced here. Such a result in a case initiated in state court, moreover, is consistent with what the result of inaction after initial filing in federal court would have been under the decided cases, *viz.,* resumption of the running of the 90–day limitations period upon the "death" of the initial summonses.

For these reasons, a separate Order will be entered in each case, GRANTING the defendant's motions to dismiss, as plaintiffs' Title VII claims are untimely, and there is absolutely no reason advanced to toll the running of the 90–day limitations period under either federal or state law.

*ORDER*

For the reasons stated in the foregoing Memorandum Opinion, it is, this 12th day of February, 2002, by the Court, ORDERED:

1. That defendant's motion to dismiss BE, and it hereby IS, granted;

2. That this case BE, and it hereby IS, DISMISSED, as untimely; and

3. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.