**Laura KNICKMAN**

v.

**PRINCE GEORGE'S COUNTY, et al.**

**No. CIV.A. DKC2001–1789.**

United States District Court,
D. Maryland.

March 6, 2002.

Laura Knickman, Chester, MD, Pro se.

Rhonda Lee Weaver, County Administration Office, Upper Marlboro, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination action are (1) the motion of Defendants David Goode, F. Kirwin Wineland, Wayne Curry, and Prince George's County, Maryland to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for summary judgment, and (2) Plaintiff's motion for summary judgment. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion to dismiss will be granted and Plaintiff's motion for summary judgment will be denied.

## I.  Background

The following facts are alleged in the complaint by the Plaintiff. In November 1993, Laura Knickman was hired by the Prince George's County Council as a Citizens Services Intern. Her application was rated "outstanding." In September 1994, Knickman made a formal complaint to the Prince George's County Government Office of Personnel, alleging gender discrimination. She also gave notice of her intention to file a charge with the Equal Employment Opportunity Commission ("EEOC"). Knickman's request for conflict resolution was denied by Defendants. In October 1994, Knickman was notified she was named October Employee of the Month. On November 4, 1994, Knickman was terminated without notice or opportunity for a hearing. Defendants falsely alleged misconduct as the cause for her termination.

Knickman filed a complaint with the EEOC on or about May 1, 1995, within the 300 day statutory period. On February 3, 1999, the EEOC issued a Dismissal and a Notice of Right to Sue to Knickman. On May 4, 1999, Knickman filed suit *pro se* against Defendants in the Circuit Court for Prince George's County alleging the following claims: Count I—Wrongful Discharge—Breach of Employment Contract; Count II—Violation of Civil Rights under 42 U.S.C. § 1983 (Violation of First Amendment Rights); Count III—Violation of Civil Rights under 42 U.S.C. § 1983 (Violation of Fourteenth Amendment Rights); Count IV—Violation of 42 U.S.C. § 2000e and Amendments (Sex Discrimination); Count V—Violation of Title VII, Civil Rights Act (Retaliation); Count VI—Violation of Americans with Disabilities Act; Count VII—Violation of State and Federal Defamation/Slander Laws; Count VIII—Intentional Infliction of Emotional Distress. Service was effected upon Goode on May 21, 2001 and upon Wineland on May 24, 2001. Prince George's County and Curry have waived service of process.[1] Defendants removed this action to this court on June 20, 2001, pursuant to 28 U.S.C. § 1441(a). Defendants moved for dismissal or, in the alternative, summary

---

1.  Plaintiff has filed no information concerning service of Michael Knapp, Betty Austin, and John Bielec, also named in Knickman's complaint. Given the resolution of the claims in this opinion, the claims against those defendants will be dismissed as well.

judgment on June 21, 2001. Knickman was provided with a *Roseboro* notice of Defendants' additional argument for summary judgment and, in response, Knickman filed not only an opposition memorandum, but her own affirmative motion for summary judgment.[2] Paper No. 32.

## II. Standard of Review

### Motion to Dismiss

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil Co.*, 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985)).

## III. Analysis

### A. Statute of Limitations

■ A limitations defense may be raised in a pre-answer motion under Fed.R.Civ.P. 12(b)(6). 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 n. 10 (1990). Defendants assert that Counts I, II, III, VII, and VIII must be dismissed because they were filed after the applicable statutes of limitations expired. Plaintiff asserts that she complied with all applicable statutes of limitations by filing her EEOC complaint within 300 days of the alleged violation. She argues that she filed her complaint in court promptly once she was issued her right to sue letter in February 1999. Therefore, according to Knickman, her claims should not be dismissed on the grounds that the allowed period for filing a suit has passed.

■ A complaint survives a motion to dismiss under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissal may be appropriate if the complaint's facts fail to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106–108, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ Knickman alleges that the events underlying her complaint took place in November 1994, four and half years prior to the filing of the complaint in May 1999. Maryland law requires that a civil action be brought within three years of the date that it accrues. MD CODE ANN., CTS. & JUD. PROC. § 5–101 (1991). The Supreme Court has held that the state statutes of limitations for state tort claims such as false arrest, assault and battery, or personal injuries apply to claims brought under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 271–72, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Therefore, a three year statute of limitations applies to Knickman's claims of wrongful discharge, First Amendment vio-

---

**2.** *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).

lation, Fourteenth Amendment violation, Defamation and Slander, and Intentional Infliction of Emotional Distress. Plaintiff has failed to offer any reason to justify tolling the applicable statute of limitations. *See English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir.1987) (holding that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action."); *Hecht v. Resolution Trust Corp.,* 333 Md. 324, 635 A.2d 394, 399 (1994) (holding that Maryland does not allow implied or equitable exceptions to the statute of limitations, absent legislative exception). Pursuit of an administrative complaint, while a necessary prerequisite to filing a Title VII action, does not affect the limitations period for filing other claims. See *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462–67, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (holding state statutes of limitation are not tolled while plaintiff is pursuing a Title VII administrative claim); *Trent v. Bolger,* 837 F.2d 657, 659 (4th Cir.1988) ("[T]olling [of state statutes of limitation] does not apply in situations where a plaintiff pursues relief through parallel administrative proceedings"). Accordingly, Counts I, II, III, VII, and VIII of Plaintiff's complaint are barred by the applicable statute of limitations as to all defendants.

### B. Claims Against Wayne Curry

■ Defendants assert that all claims should be dismissed against Wayne Curry, Prince George's County Executive, in his individual capacity,[3] as he was sworn in on December 5, 1994, after the alleged events took place. Knickman responds that Defendants are liable as employers, or agents of employers, under Title VII, so, therefore, the counts should not be dismissed.

Knickman was dismissed from her position with the Prince George's County Council on November 3, 1994. Curry was sworn in as County Executive on December 5, 1994, more than a month later. Knickman was never employed by Prince George's County while Curry was County Executive. Therefore, there is no basis for naming Curry as an individual defendant in this case and the claims as to him will be dismissed.

### C. Count VI—Americans with Disabilities Act

■ Knickman alleges in Count VI of her Amended Complaint that Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by failing to make reasonable accommodations in her schedule after she was diagnosed with a chronic illness. Defendants respond that Knickman failed to comply with the procedural requirements of the ADA by not including a disability claim when she filed her notice of discrimination with the EEOC in April, 1995. "Under Title VII and the ADA, a plaintiff must first timely file a charge with the EEOC before commencing a suit." *Lipscomb v. Clearmont Construction and Development Co.,* 930 F.Supp. 1105, 1106 (D.Md.1995), *see also Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 424 (D.N.J.1994) ("Those proceeding with employment discrimination claims under the ADA must follow the administrative procedures set forth in Title VII"). Although Knickman did bring an administrative action with the EEOC in a timely fashion, she did not include a disability or ADA claim in her filing with the EEOC in April 1995. She did not raise an

---

**3.** An official capacity suit against the County Executive would be redundant. The County is already a party.

ADA claim until she filed her complaint in 1999. The Fourth Circuit has clearly held that "[t]he suit filed may encompass only the 'discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge.'" *King v. Seaboard Coast Line Railroad Co.*, 538 F.2d 581, 583 (4th Cir.1976), citing *EEOC v. GE*, 532 F.2d 359, 365 (4th Cir. 1976). Because the right to sue letter issued by the EEOC is based solely on a Title VII gender discrimination claim, not a disability discrimination claim, Knickman's ADA claim will be dismissed for failure to exhaust administrative remedies.

### D. Title VII Claims

#### 1. Individual Defendants

Defendants assert that the only viable defendant as to Counts IV and V, Knickman's Title VII claims, is Prince George's County, Maryland because there is no individual liability under Title VII. Knickman responds that the individual defendants are employers or agents of employers under Title VII so the individuals named are proper defendants.

In *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir.1998), the Fourth Circuit held that "supervisors are not liable in their individual capacities for Title VII violations." *See also Temple v. Benjamin*, No.Civ. H–01–720, 2001 WL 826576, at *4 (D.Md. July 14, 2001); *Haynie v. St. Mary's County*, No.Civ.A. DKC 97–3062, 2001 WL 194297, at *2 (D.Md. Feb. 26, 2001); *Murphy v. Simms*, No. CIV. L–98–962, 2000 WL 1011551, at *1 (D.Md. July 14, 2000). Knickman cannot assert Title VII claims against David Goode and F. Kirwan Wineland because no cause of action under Title VII exists

against supervisors in their individual capacities. Therefore, Counts IV and V are dismissed as to Wineland and Goode.

#### 2. Laches [4]

■ Defendants further assert that all of Knickman's discrimination claims, including her Title VII claims against the County, are barred by the defense of laches, arguing that there was unreasonable delay in bringing the action and resulting prejudice. *Pande v. Johns Hopkins Univ.*, 598 F.Supp. 1084, 1086–87 (D.Md. 1984). Knickman asserts that she filed the complaint on May 4, 1999, within ninety days of receiving her right-to-sue letter from the EEOC and that she asked for reissuance of summons in a timely manner between the date of filing the complaint, May 4, 1999, and two years later when Knickman first served any Defendant, May 21, 2001.

■ To establish the affirmative defense of laches under *White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990), the defendant must prove: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." "An inexcusable or unreasonable delay may occur only after the plaintiff discovers or with reasonable diligence could have discovered the facts giving rise to [her] cause of action." *Id.* Prejudice to the Defendant must be a result of the plaintiff's delay in pursuing her claim. *Tobacco Workers Int'l Union v. Lorillard Corp.*, 448 F.2d 949, 958 (4th Cir.1971). Defendant "is aided by the inference of prejudice warranted by the plaintiff's delay." *Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir.1966).

---

**4.** Like the statute of limitations defense, laches may be raised in a motion to dismiss. *See Marshall v. Meadows*, 921 F.Supp. 1490, 1493–94 (E.D.Va.1996) (holding that "laches is an appropriate issue for a motion to dismiss in this case") (citing *White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990)).

■ In *Pande,* the court found that there was an unreasonable ten-year delay between the filing of the discrimination charge and the filing of the law suit. *Id.* at 1087. However, during that ten year period, Pande left the country from 1975 until 1982 and offered no excuse for the delay or for the failure to inquire about the status of his claim at the EEOC. *Id.* Knickman asserts that her situation more closely resembles *Raley v. Board of St. Mary's County Commissioners,* 752 F.Supp. 1272 (D.Md.1990), where there was a seven and a half year delay between filing a retaliation claim at the EEOC and filing suit. In *Raley,* the court held that laches was inappropriate because Raley had made numerous phone calls to the EEOC to check on the status of her claims and, therefore, the defendants had not met their burden of proving unreasonable delay. *Raley,* 752 F.Supp. at 1277. Knickman asserts that she contacted the EEOC to check on the status of her claims multiple times during the five years between filing her EEOC charge and receiving her right to sue letter. Paper No. 41, Ex. 12. Knickman's circumstance more closely resembles *Raley* as her delay prior to receiving the right to sue letter "does not rise to the level of inattention [present in *Pande* ] and cannot be declared unreasonable." *Raley,* 752 F.Supp. at 1277.

■ Defendants argue, however, that even if Knickman acted properly by filing her complaint within ninety days of receiving her right to sue letter, she still waited two years to serve any of the Defendants, and therefore, the defense of laches still applies. It is undisputed that Knickman requested re-issuance of the summons in Maryland state court eight times between filing the complaint on May 4, 1999 and serving the first of the Defendants on May 21, 2001 and that, on several occasions, the summonses had expired before Knickman

requested reissuance. Paper No. 41, Ex. 8. Defendants state that they are prejudiced by this delay, as the EEOC record has been destroyed and several of the individual defendants are no longer working for the County.

In Maryland, "[a] summons is effective for service only if served within 60 days after the date it is issued. A summons not served within that time shall be dormant renewable only on written request of the plaintiff." Md. Rule 2–113. Knickman requested and received re-issuances of summons from the Circuit Court for Prince George's County, pursuant to Rule 2–113, but several times allowed them to expire before requesting reissuance of summons. Paper No. 41, Ex. 8. Maryland and federal courts applying Maryland law have held that plaintiffs who allow summonses to expire prior to renewal "must offer some evidence indicating that the limitations period . . . should [be] tolled despite the expiration of the summonses." *Kramer v. Jotun Paints, Inc.,* 183 F.Supp.2d 795, 798–99 (D.Md.2002). In *Kramer,* the court held that because the plaintiffs failed to offer any evidence that an attempt was made to serve defendants, nor to allege conduct by the defendant that would have made service difficult, the limitations period of Title VII had not been tolled. *Kramer,* at 798–800. The Court of Special Appeals of Maryland observed in a similar case where defendant was not served with process for approximately two years from the time the complaint was filed that "there is no question that the case was subject to dismissal, in the court's discretion." *Reed v. Cagan,* 128 Md.App. 641, 739 A.2d 932, 937 (1999).

Plaintiff's only explanation for a failure to serve is that she has been under medical care for depression and post traumatic stress following the action of Defendants. Paper No. 41, p. 9. Service, of course, had

to be accomplished by someone other than plaintiff herself. Md. Rule 2–123(a). If she had the ability to seek the reissuance of the summons, she certainly could have located a private process server to effectuate service on at least some of the defendants.

Here, six and a half years elapsed from the time the action accrued to the service of defendants. Notably, two years passed from the issuance of the right-to-sue letter until service. Plaintiff does not provide an acceptable reason for the delay and the delay has created prejudice against the defendants, as the EEOC file has been destroyed and witnesses' memories have faded over time. The court finds that plaintiff's "delay is inexcusable and unreasonable, [therefore Defendants] need not show the degree of prejudice that would be required if the delay had been less aggravated." *White*, 909 F.2d at 103. The remaining claims against Prince George's County, Maryland are dismissed, therefore, based on the defense of laches.

### E. Plaintiff's Motion for Summary Judgment

In her memorandum filed September 6, 2001, Knickman requests that the court grant summary judgment in her favor on all counts in her complaint. Defendants oppose Plaintiff's motion for summary judgment on the grounds that her motion goes to the merits of the case. All of Plaintiff's claims have been dismissed, therefore, her motion for summary judgment is moot.

### IV. Conclusion

For the reasons stated above, Plaintiff's claim is dismissed with respect to all defendants. A separate order will follow.

### *ORDER*

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motion to Dismiss BE, and the same hereby IS, GRANTED;

2. All claims against David Goode, F. Kirwin Wineland, Wayne Curry, Michael Knapp, Betty Austin, John Bielec, and Prince George's County, Maryland BE, and the same hereby ARE, DISMISSED;

3. Plaintiff's Motion for Summary Judgment BE, and the same hereby IS, DENIED;

4. The clerk transmit copies of the Memorandum Opinion and this Order to Plaintiff and to counsel for Defendants and CLOSE this case.